IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| United States | ) | Cr. No. 1:11-2132-MBS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Jerry Lee Pitts, Julia H. Johnson, | ) | |
| Christopher J. Ford, Franklin J. Farrell, | ) | |
| and Earnest Michael Spires, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On September 21, 2011, Earnest Michael Spires ("Defendant") and six other defendants

were charged in a one-count indictment alleging that between January 2007 and the time of the

indictment, they conspired to possess with intent to distribute and distribute 50 grams or more of

methamphetamine and 500 grams or more of a mixture containing a detectable amount of

methamphetamine.  ECF No. 1.  On January 10, 2012, the government filed an information

pursuant to 21 U.S.C. § 851, alleging that Defendant was subject to increased penalties based on

his November 1, 2010 Georgia conviction for possession of methamphetamine with the intent to

distribute.  ECF No. 151.

On January 18, 2012, Defendant filed an objection to this information, arguing that he

was not subject to enhanced penalties because the illegal activity alleged in the indictment took

place prior to Defendant's conviction set forth in the information.  ECF No. 154.  On February 1,

2012, the government filed an opposition in response, arguing that Defendant's conviction was

properly counted as a "prior drug felony" because the conspiracy continued after the date on

which his conviction became final.  ECF No. 159 at 4.  However, the government conceded that

it had no evidence that Defendant himself was involved in the conspiracy after his conviction

became final.  *Id.* at 6.  On February 23, 2012, Defendant filed a memorandum in support of his earlier objection, arguing that regardless of whether the conspiracy continued after his conviction became final, his conviction could not be "prior" unless he personally continued to be involved in the conspiracy after the conviction became final.  ECF No. 161 at 7-8.

In 1997, the Fourth Circuit addressed for the first time the question of whether a conviction occurring during the course of a conspiracy could be a "prior drug felony."  *United States v. Howard*, 115 F.3d 1151, 1158 (4th Cir. 1997).   In that case, the Fourth Circuit rejected the defendant's argument that a conviction could not be "prior" to a conspiracy unless it became final before the beginning of the conspiracy.  *Id.*  The Fourth Circuit noted that the purpose of the enhancement based on prior convictions is "to target recidivism," and held that the proper focus is therefore on "the degree of criminal activity that occurs after the defendant's conviction for drug-related activity is final."  *Id.* (citation omitted).  The Fourth Circuit found that the government had "presented ample evidence of [the defendant's] continued involvement in the conspiracy *after* his North Carolina conviction," and concluded that this is "precisely the type of recidivism to which [the enhancement based on prior convictions] is addressed."  *Id.*

In *United States v. Smith*, 451 F.3d 209, 224 (4th Cir. 2006), the Fourth Circuit considered the issue once again.  In that case, the defendant was charged in an indictment alleging a conspiracy between January 1995 and February 2003 and convicted by a jury.  *Id.*  The defendant argued that because the jury did not determine specifically when the conspiracy began and ended, the sentencing court was unable to determine whether his 1996 and 1997 convictions were "prior" to the conspiracy.  *Id.*  The Fourth Circuit rejected the defendant's argument, holding that the jury, by convicting the defendant of the count alleged in the indictment, necessarily found that the conspiracy began in January 1995 and ended in February

2003. *Id.* Citing its earlier holding in *Howard*, the Fourth Circuit stated that "prior felony drug convictions that fall within the conspiracy period may be used to enhance the defendant's sentence if the conspiracy continued after his earlier convictions were final." *Id.* at 224-25.

The government contends that *Smith* modified the earlier holding of *Howard* and held that a conviction occurring during the course of a conspiracy may be "prior" if the conspiracy continued after the date the conviction became final, regardless of whether the defendant continued to participate in the conspiracy. The Court recognizes that there is language in *Smith* that, if taken at face value, supports such an argument. However, for several reasons the Court is not persuaded that *Smith*, by using the language "if the conspiracy continued" rather than "if the defendant's participation in the conspiracy continued," effected such a significant change in the law.

First, the Fourth Circuit in *Smith* cited *Howard* as authority without noting any disagreement or expressing any intention to modify its prior holding. *See Smith*, 451 F.3d at 225. Second, unlike the situation in the present case, the defendant in *Smith* had been convicted by a jury of conspiracy. It is arguable that the holding in *Smith* was based on the premise that by convicting the defendant of the conspiracy alleged in the indictment, the jury found that the defendant had personally participated in the conspiracy for the entire time alleged. Finally, such an interpretation would turn the rationale of *Howard* – targeting recidivism – on its head. A defendant who, following a conviction, had withdrawn from criminal activity would face increased penalties simply because his former co-conspirators had continued their criminal activity without him. In the absence of a clearer statement, the Court declines to find that the Fourth Circuit has adopted such a standard.

The Court holds that the standard adopted in *Howard* remains controlling law, and that Defendant's state court conviction may be considered a "prior drug felony" only if there is evidence that Defendant continued to participate in the conspiracy after this conviction became final.

**IT IS ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
March 5, 2012